UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRTU FINANCIAL, INC., AND VIRTU AMERICAS, LLC,

                      Plaintiffs,

v.

AXIS INSURANCE COMPANY,

                      Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/24/2021

Civil Action No.1:20-cv-06293-GBD-KHP

**STIPULATED AND PROPOSED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the undersigned parties (the "Parties"), subject to the approval of the Court, that the following Stipulation and Order shall govern the handling of all documents, materials, information, and other products of discovery, including, but not limited to, deposition testimony, deposition exhibits, interrogatory answers, responses to requests for admission, responses to requests for production, and any other discovery authorized by the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), as well as any other disclosed documents, materials, or information (collectively, "Discovery Material") produced or made available for inspection by any party or non-party ("Producing Party") through formal or informal means in the above-captioned action (the "Action"). In accordance with the Parties' stipulation and for good cause shown, it is HEREBY ORDERED:

1.     <u>Confidential Discovery Material</u>. Any Producing Party may designate as "Confidential" any Discovery Material that it believes in good faith contains legally protectable

1

information in accordance with Fed. R. Civ. P. 26 or other applicable law ("Confidential Discovery Material").  For purposes of this Stipulation and Order, Confidential Discovery Material shall mean all non-public materials (including internal communications) containing information related to: financial or business plans or projections; proposed strategic transactions or other business combinations; trade secrets; confidential, proprietary, or commercially sensitive business information; the configuration of Virtu's computer systems; business and marketing plans and strategies; studies or analyses by internal or outside experts; financial or tax data; competitive analyses; costs of goods and services; personnel records and information; development and planning; financial results or data; customer information, including financial and business information; or other personally sensitive, proprietary, or information that may be subject to a protective order under FRCP 26(c)(1)(G) and/or protected from disclosure by statute, regulation or otherwise.

All Discovery Material designated as Confidential Discovery Material shall be handled in strict accordance with the terms of this Stipulation and Order.  A Producing Party's designation of Discovery Material as Confidential Discovery Material constitutes a representation that such Discovery Material has been reviewed by counsel and that there is a good faith basis for such designation.

2. <u>Limitation on Use</u>.  Confidential Discovery Material, or information derived therefrom, shall be used solely for purposes of the Action and any appeals of the Action. Confidential Discovery Material, or information derived therefrom, shall not be used for any other purpose, including, without limitation, in any manner whatsoever in another case, litigation, proceeding or activity, and/or for any business, commercial or competitive purpose.

3. <u>Designation of Confidentiality</u>.  The designation of Discovery Material as "Confidential" for purposes of this Stipulation and Order shall be made in the following manner by any Producing Party:

   a. In the case of documents or other materials (apart from depositions or other pretrial testimony): by affixing the legend "Confidential – Subject to Protective Order" to all pages of any document containing such Confidential Discovery Material in a manner that does not interfere with the legibility of the document.  A Producing Party must limit designations of Confidential Discovery Materials to only those parts of documents, testimony, or material that are clearly identified as containing Confidential Discovery Materials.  Any such designation shall subject the document, its contents, or any portion thereof, to this Stipulation and Order without any further act on the part of the Producing Party.  When Confidential Discovery Materials are disclosed in a form not appropriate for affixing a legend, such materials shall be designated as Confidential Discovery Materials indicating in transmittal correspondence that such documents or materials are to be designated as "Confidential Discovery Materials."  The failure of a Producing Party to designate a document as "Confidential" does not constitute a waiver of such claim, and a Producing Party may so designate a document after such document has been produced, with the effect that such document is subject to the protections of this Stipulation and Order, provided that any disclosure of information before it has been designated by the Producing Party as Confidential Discovery Materials shall not be a violation of this Stipulation and Order.

Notwithstanding the foregoing, the Parties agree that documents that Virtu provided during AXIS's claim investigation will be treated as "Confidential" notwithstanding the lack of a marking indicating such a designation.

    b. In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel for the designating party to all Parties within 10 calendar days after receiving a copy of the transcript thereof; and, when possible, by directing the court reporter to mark "Confidential – Subject to Protective Order" on the first page and all portions of the original and all copies of the transcript containing any Confidential Discovery Material. The Parties may modify this procedure for any particular deposition, through agreement on the record at such deposition or by written agreement of the Parties, without further order of the Court.

4. <u>Production by Non-Parties</u>. Any Party issuing a subpoena to a non-party will enclose a copy of this Order and notify the non-party that the protections of this Stipulation are available to such non-party. If any non-party in receipt of a request or subpoena requesting documents or tangible things believes in good faith that the requested documents or tangible things contain confidential information, the non-party may designate such material as Confidential Discovery Material in accordance with the procedures set forth in Paragraph 4 of this Stipulation and Order. Confidential Discovery Material designated by a non-party, including copies, excerpts, and summaries thereof, or the information contained therein, shall be subject to all of the conditions and limitations set forth in this Protective Order. Any non-party that desires to protect its claim of confidentiality by adhering to these procedures submits to the jurisdiction

of this Court with regard to any proceedings related to the non-party's claim of confidentiality. In addition, the Parties may designate as Confidential Discovery Material documents and electronically stored information produced by non-parties. Designations of non-party documents will be made as soon as reasonably practicable, but not later than thirty (30) days after receipt of such documents or information. Designations of non-party documents as Confidential Discovery Material will be memorialized in a writing that lists the Bates numbers or other identifying characteristics of the designated document or information, and, if less than an entire document or file is designated, a description of the designated portions of the document and the basis for the designation, with sufficient detail that an objecting party can determine what is at issue.

5. <u>Who May Access Confidential Discovery Material</u>. Confidential Discovery Material shall not be disclosed by the person receiving it to any other person without the prior written consent of the Producing Party or an order of the Court, except the following:

   a. The named Parties and their respective affiliates, including their respective in-house counsel, officers, directors, and employees to whom disclosure is reasonably necessary for this Action;

   b. Outside counsel who represent Parties that have appeared in the Action, and regular and temporary employees of such counsel (such as other lawyers, clerical, paralegal, or administrative personnel) who are assisting in the conduct of the Action for use in accordance with this Stipulation and Order;

   c. Third-party experts, advisors, contractors, consultants, or investigators retained by outside counsel or the Parties or designated as expert witnesses in the Action and deemed necessary to assist outside counsel for the Parties that have appeared in the Action;

d. The Court and its employees, any court to which a party petitions for discovery of a non-party, any appellate court, necessary court personnel, and jurors;

e. Deposition or trial witnesses or potential deposition or trial witnesses in the Action;

f. Stenographers, videographers, or other persons preparing transcripts of testimony in connection with the Action;

g. Members of data entry, data processing, or computer imaging firms employed by either the Parties or counsel to assist in the development or use of data retrieval systems or computer imaging of documents in connection with this Action;

h. Employees of copy services or litigation support vendors, trial support firms, graphic production services, litigation support services, and remote deposition service providers utilized with respect to this Action;

i. The Parties' and their respective affiliates' insurers, reinsurers, or regulators,

j. The Parties' and their respective affiliates' auditors, accountants and actuaries as required for tax, financial reporting or governmental compliance purposes;

k. Any governmental or regulatory body (including self-regulatory authorities) as required by law;

l. Authors and recipients of, and anyone copied on, Confidential Discovery Material;

m.  Any mediator, arbitrator, special discovery master, or provider of alternative dispute resolution services retained by the Parties in connection with the Action; and

n.  Any other person only upon order of the Court or upon stipulation of the Producing Party.

6.  <u>Undertaking Forms</u>.  As to those persons designated in Paragraphs 6(c), 6(e), 6(i), and 6(n), no disclosure of Confidential Discovery Material, or any copy, excerpt, or summary thereof, or the information contained therein, received from a Party or non-party, shall be made to any person until such person has been provided with a copy of this Protective Order and the disclosing Party has made a good faith effort to secure the execution of the Undertaking Form attached hereto as Exhibit A, except for any expert witnesses engaged by either Party prior to the entry of this Stipulation and Order, in which case those persons will promptly execute the Undertaking Form attached hereto as Exhibit A.  If the person to whom the material is disclosed refuses to execute the Undertaking Form, that person may still be shown Confidential Discovery Material but shall not be permitted to retain copies of any documents containing Confidential Discovery Material.  Each executed Undertaking Form shall be retained by outside counsel for the Parties so that it may be shown to counsel for the Producing Party upon request.

7.  <u>Retaining Confidential Discovery Material in a Secure Manner</u>.  All Parties, their counsel, and all persons designated in Paragraph 6 who obtain Confidential Discovery Material shall take all necessary and appropriate measures to maintain the confidentiality of the Confidential Discovery Material, shall disclose such information only to persons authorized to receive it under this Protective Order, and shall retain such information in a secure manner.

8. <u>Procedure for Filing with the Court</u>.  All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose Confidential Discovery Material, will be accompanied by a request to file the document under seal in accordance with the rules of the Court, including by complying with the Individual Rules and Practices of Honorable George B. Daniels, Rule 1.D.  Any document filed under seal (except any document filed before the entry of this Order) shall be labeled on the cover as follows: **CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER.**  A redacted version of the sealed document shall be submitted to the Court for filing on the public docket on the same day so far as possible.  Parties shall exchange copies of the sealed documents to each other by email to each Parties' counsel.

9. <u>Effect on Discovery and Other Matters</u>.  This Stipulation and Order has been agreed to by the Parties to facilitate formal and/or informal discovery and the production of information in this Action.  Neither the entry of this Order, nor the designation of any information, document or the like as Confidential Discovery Material, nor the failure to make such designation, shall constitute evidence with respect to any issue in this Action.  Moreover, entering into, agreeing to, and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Stipulation and Order shall not:

   a. Enlarge or affect the proper scope of discovery in this Action, nor imply that Confidential Discovery Material designated as such under the terms of this Stipulation and Order is properly discoverable, relevant, or admissible in this Action or in any other litigation;

b. Operate as an admission by any Party that any particular Confidential Discovery Material contains or reflects trade secrets or any other type of confidential information;

c. Prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential Discovery Material;

d. Prejudice in any way the rights of the Parties to object to the production of such information or documents outside of this Action if protected by attorney-client privilege, work product doctrine, or other protections that the Parties wish to preserve and in no way waive through production in this Action, or prejudice in any way the rights of the Parties to object to the production of similar information or documents in this Action if protected by the attorney-client privilege, work product doctrine, or other protections;

e. Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order;

f. Prejudice in any way the rights of a Party to seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Stipulation and Order;

      g. Prejudice in any way the rights of a Party to petition the Court for an additional protective order relating to any purportedly confidential information; or

      h. Prevent the Parties to this Stipulation and Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

10.    <u>Own Use</u>. This Stipulation and Order has no effect upon, and shall not apply to, a Producing Party's use of its own Confidential Discovery Material for any purpose. Nothing in this Stipulation and Order shall be interpreted to prohibit or prevent the Producing Party from using or discussing its own Confidential Discovery Material in any way it sees fit or to so use or discuss that material for any reason. Any such use or discussion of Confidential Discovery Material shall not be deemed a waiver of the terms of this Stipulation and Order. Additionally, nothing herein shall impose any restrictions on the use or disclosure by a Party of documents, materials, or information designated as Confidential Discovery Materials that is publicly available when disclosed, or which subsequently becomes publicly available, except by violation of this Stipulation and Order, was obtained lawfully by such Party independently of the formal and informal discovery proceedings in the Action or other exchange of information under this Stipulation and Order, including information that was acquired by a Party, at any time, from a non-party having the right to disclose such information or learned by a Party, at any time, as a result of that Party's own independent efforts, investigation, or inquiry.

11.    <u>Inadvertent Production</u>. The Parties agree that the inadvertent production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection ("Privileged Information"), whether or not designated

Confidential Discovery Material under this Protective Order, shall not be deemed a waiver of any applicable privilege or protection.  In the event that material considered by the Producing Party to be Privileged Information is inadvertently produced, the parties shall comply with FRCP 26(b)(5)(B).

12. <u>Privilege Logs</u>.  The Parties will act in good faith to timely produce privilege logs as required by FRCP 26(b)(5)(A).

13. <u>Joinder of Additional Parties</u>.  In the event additional parties join or are joined in this Action, they shall not have access to Confidential Discovery Material until the newly joined party by its counsel has executed the Undertaking Form attached hereto as Exhibit A, and, at the request of any Party, moved the Court for its participation in this Stipulation and Order and review of Confidential Discovery Material.  The Parties reserve the right to object to a joining or joined additional party's participation in this Stipulation and Order and review of Confidential Discovery Material and/or to request modification of this Stipulation and Order to ensure adequate protections with respect to any joining or joined additional party.

14. <u>Use at Trial</u>.  It is the present intention of the Parties that the provisions of this Stipulation and Order shall govern discovery in the Action and that the Parties will reach further agreement concerning the use of Confidential Discovery Material at trial of the Action, subject to the approval of the Court.

15. <u>Amendment or Modification</u>.  Each of the Parties hereto shall be entitled to seek modification of this Stipulation and Order by application to the Court on notice to the other parties hereto for good cause.

16. <u>Confidentiality Agreement</u>.  The Parties agree to be contractually bound by the terms of this Stipulation and Order as a confidentiality agreement prior to submission to the

Court and while pending entry by the Court of this Stipulation and Order, or an alternative thereto that is satisfactory to all Parties and the Court.

17. <u>Termination</u>.  The provisions of this Stipulation and Order shall, absent written permission of the Producing Party or order of the Court, continue to be binding throughout and after the conclusion of the Action, including, without limitation, any appeals therefrom.  Within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of all litigation in which Confidential Discovery Material is permitted to be used, all persons having received Confidential Discovery Material shall destroy such Confidential Discovery Material, including summaries and excerpts of such Confidential Discovery Material; <u>provided however</u>, that to the extent any Party is required by law, internal policies and procedures, government or regulatory requirement, contract, or other requirement to maintain copies of documents related to this Action, including Confidential Discovery Material, such Party shall maintain such Confidential Discovery Material to the extent necessary to fulfill such requirements while continuing to maintain the confidentiality of such Confidential Discovery Material under the terms of this Stipulation and Order.  Such materials are intended to retain their confidentiality after the claims in this Action have been finally determined between the Parties.  Notwithstanding this provision, counsel for the Receiving Party may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order

18.     Dispute Resolution.  No Party shall be obligated to challenge the propriety of a designation of Confidential Information when initially received, and a failure to do so shall not preclude a subsequent challenge thereto.  Any Party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material may, after making a good faith effort to resolve any such objection with the Producing Party, move on reasonable notice for an order vacating the designation.  While such application is pending, the Discovery Material in question shall be treated as Confidential Discovery Material pursuant to this Stipulation and Order.  The provisions of this paragraph are not intended to shift the burden of establishing confidentiality.

19.     Third Party Requests for Information.  If any Receiving Party (a) is subpoenaed in another action, or (b) is served with a demand in another action to which the Receiving Party is a party, or (c) is served with any other legal process by one not a party to this litigation, seeking material which was produced or designated as Confidential Discovery Material in this Action by someone other than the Receiving Party, the Receiving Party shall give prompt written notice at the earliest possible time of receipt of such subpoena, demand, or legal process, to those who produced or designated the Confidential Discovery Material.  The Receiving Party shall also respond to the subpoena, demand, or legal process by setting forth the existence of this Stipulation and Order and shall cooperate with the Producing Party so that the Producing Party can appear and object to production and in no event shall ever provide any documents prior to giving written notice to the Producing Party.  Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Confidential Discovery Material covered by this Stipulation and

Order, or to subject himself, herself, or itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

20. <u>Court Retains Jurisdiction</u>. This Stipulation and Order shall survive the final conclusion of this Action and the Court shall maintain jurisdiction to enforce this Stipulation and Order. All persons receiving or given access to Confidential Discovery Material in accordance with the terms of this Stipulation and Order consent to the continuing jurisdiction of the Court for purposes of enforcing this Protective Order and remedying any violations thereof.

The Parties agree that money damages would not be a sufficient remedy for any breach of this Stipulation and Order, and, in the case of a breach of this Stipulation and Order, the Parties shall be entitled to enforce this Agreement by injunctive relief for specific performance only.

SO ORDERED:

*Katharine H Parker*

Date: June 24, 2021

| APPROVED AND AGREED TO: | APPROVED AND AGREED TO: |
|---|---|
| /s/ Robin L. Cohen | s/ Joseph G. Finnerty III |
| Robin L. Cohen | Joseph G. Finnerty III |
| Adam Ziffer | Megan Shea Harwick |
| Cynthia M. Jordano | Eric S. Connuck |
| COHEN ZIFFER FRENCHMAN | Marc A. Silverman |
| & MCKENNA LLP | DLA PIPER LLP (US) |
| 1350 Ave. of the Americas, 25th Fl. | 1251 Avenue of the Americas |
| New York, New York 10019 | New York, New York 10020-1104 |
| Tel: (212) 584-1890 | T: +1 212 335 4800 |
| rcohen@cohenziffer.com | joseph.finnerty@us.dlapiper.com |
| aziffer@cohenziffer.com | megan.shea@us.dlapiper.com |
| cjordano@cohenziffer.com | eric.connuck@us.dlapiper.com |
|  | marc.silverman@us.dlapiper.com |
| *Attorneys for Plaintiffs Virtu Financial, Inc. and Virtu Americas LLC* | *Attorneys for Defendant AXIS Insurance Company* |

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VIRTU FINANCIAL, INC., AND VIRTU AMERICAS, LLC,<br><br>       Plaintiffs,<br><br>v.<br><br>AXIS INSURANCE COMPANY,<br><br>       Defendant. | Civil Action No.1:20-cv-06293-GBD-KHP<br><br>**UNDERTAKING REQUIRED BY STIPULATION AND PROTECTIVE ORDER GOVERNING THE PROTECTION AND EXCHANGE OF CONFIDENTIAL MATERIAL** |

I, _____, state that:

 1. My address is: _____

 2. My present employer is: _____

 3. My present occupation is: _____

 4. I received a copy of the Stipulation and Order Governing the Protection and Exchange of Confidential Material (the "Stipulation and Order") entered in the above-captioned action on: _____

 5. I have carefully read and understand the provisions of the Stipulation and Order.

 6. I will comply with all of the provisions of the Stipulation and Order.

 7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation and Order, and will only use for purposes of this action, any Confidential Discovery Material disclosed to me.

 8. Upon notification from counsel, I will destroy all Confidential Discovery Material that comes into my possession.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation and Order in this Action.

_____

Name:

Date: