

**Adam Ziffer**
212.584.1832
aziffer@cohenziffer.com

1350 Avenue of the Americas
New York, NY 10019

212.584.1890 P
212.584.1891 F

August 12, 2021

**Via ECF**
The Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Virtu Financial, Inc. et al. v. AXIS Insurance Co.*
    **No. 1:20-cv-06293, Plaintiffs' Letter Motion to Compel Discovery**

Dear Judge Parker:

Plaintiffs Virtu Financial, Inc. and Virtu Americas, LLC (collectively, "Virtu") respectfully request an order compelling defendant AXIS Insurance Company ("AXIS") to produce discovery relating to (1) AXIS's underwriting file and underwriting practices with respect to its coverages for Computer Systems Fraud and Social Engineering Fraud, the two coverages at issue in this case; (2) changes AXIS made to its Computer Systems Fraud and/or Social Engineering Fraud policy forms as a result of Virtu's claim for coverage or the Second Circuit's decision in *Medidata Solutions, Inc. v. Fed. Ins. Co.*, 729 Fed. App'x 117 (2d Cir. 2018); and (3) documents and communications relating to the *Medidata* decision. The parties had a telephonic meet and confer on these issues on July 14, 2021, and AXIS confirmed on August 3, 2021 that it would not produce discovery on the above topics.

**AXIS's Underwriting Documents.** Virtu's First Request for Production of Documents requested documents relating to AXIS's underwriting file and underwriting manuals and practices. *See* Ex. 1, Virtu Request Nos. 2-4. AXIS objected to producing any discovery on the underwriting of its policy forms on the grounds of relevance. *See* Ex. 2, AXIS's Responses and Objections to Virtu Request Nos. 2-4. In particular, AXIS contends that because Virtu argued in its motion for summary judgment that the policy language is unambiguous, Virtu is now precluded from discovering parol evidence such as AXIS's underwriting documents, which would only be admissible in the event the Court finds an ambiguity in the policy. *Id.*

AXIS's objection goes to admissibility, not discoverability. "[A]dmissibility is not a prerequisite to discoverability, and the scope of relevance under Rule 26 is broader than under the Rules of Evidence." *Malinowski v. Wall St. Source, Inc.*, 2011 WL 1226283, at *1 (S.D.N.Y. Mar. 18, 2011). In insurance coverage disputes like this one, it is axiomatic that "[a]t

August 12, 2021
Page 2

the discovery stage, the Court does not decide whether parol evidence will or will not be admitted to address interpretation of the policy." *Certain Underwriters at Lloyd's v. Nat'l Railroad Passenger Corp.*, 2016 WL 2858815, at *10 (E.D.N.Y. May 16, 2016). Rather, whether parol evidence will be permitted on a summary judgment motion or at trial "presents a challenge that goes to admissibility, as opposed to discoverability." *Id.*

Contrary to AXIS's suggestion during the parties' meet and confer, Virtu does not need to *admit* there is an ambiguity in the policy before it can discover parol evidence such as AXIS's underwriting documents. Ambiguity, if any, is "a matter of law for the court to decide." *Morgan Stanley Grp. Inc. v. New England Ins. Co.*, 225 F.3d 270, 275 (2d Cir. 2000). Virtu is entitled to continue to argue that the policy AXIS sold Virtu unambiguously supports coverage. But after discovery concludes, if the Court ultimately determines any provision in the policy is ambiguous on summary judgment or at trial, Virtu is also entitled to argue in the alternative that the policy ambiguities and parol evidence further support coverage.

Taking AXIS's parol evidence argument out of the equation, AXIS's underwriting documents are plainly discoverable. An insurer's underwriting file contains basic information that policyholders like Virtu are entitled to discover, particularly where, as here, the insurance policy AXIS sold Virtu was written entirely by AXIS. Indeed, as a policyholder Virtu "is entitled to explore which risks [AXIS] expected to cover" when it sold the Policy to Virtu. *Pentair Water Treatment (OH) Co. v. Continental Ins. Co.*, 2009 WL 3817600, at *4 (S.D.N.Y. Nov. 16, 2009); *see also Mariner's Cove Site Assocs. v. Travelers Indem. Co.*, 2005 WL 1075400, at *1 (S.D.N.Y. May 2, 2005) ("documents regarding . . . the drafting history of a policy and claims manuals are relevant and discoverable in actions to recover insurance reimbursement."); *Harleysville Worcester Ins. Co. v. Sharma*, 2015 WL 3407209, at *1 (E.D.N.Y. May 26, 2015) (granting motion to compel "the underwriting file for the policy at issue"); *First Aviation Servs., Inc. v. Gulf Ins. Co.*, 205 F.R.D. 65, 68 (D. Conn. 2001) (granting motion to compel "all claims and underwriting manuals and interpretive documents").

The underwriting and drafting documents requested by Virtu are also relevant to its claim for breach of the implied covenant of good faith and fair dealing. Indeed, Judge Daniels denied without prejudice AXIS's motion for judgment on the pleadings with respect to Virtu's bad faith claim. ECF No. 67. Virtu is accordingly entitled to discovery on this claim, which would include discovery into AXIS's underwriting and claims practices with respect to the two policy forms at issue in this case.

**Changes AXIS Made To its Policy Forms in Response to Virtu's Claim and the** *Medidata* **Decision.** Virtu learned through its insurance broker that after AXIS received Virtu's claim, AXIS may have made changes to the policy forms at issue in this case to bring AXIS's policy language in line with how AXIS believes Virtu's policy should be interpreted. Virtu propounded an interrogatory on AXIS asking AXIS to identify changes, if any, AXIS made to its Computer Systems Fraud and/or Social Engineering Fraud policy forms after receiving Virtu's claim on June 1, 2020. Ex. 3, Virtu's Interrogatory No. 10. AXIS refused to answer the interrogatory one way or another on the grounds of relevance and burden. *Id.* In addition to serving an interrogatory, Virtu asked AXIS for documents relating to changes made to

August 12, 2021
Page 3

AXIS's policy forms in response to both Virtu's coverage claim and the Second Circuit's decision *Medidata Solutions, Inc. v. Federal Insurance Company*, 729 Fed. App'x 117 (2d Cir. 2018). Ex. 1, Virtu Request Nos. 10, 11, 12. AXIS has likewise refused to produce documents on the grounds of relevance and burden. Ex. 2.

AXIS's relevance objection has no merit, as changes an insurer makes to its policy forms shed light on the meaning of contested policy provisions. *See, e.g.*, *Pentair*, 2009 WL 3817600, at *3 (evidence showing "how [the insurer] might have altered the… exclusion from one policy to another—could well shed light on the meaning of the exclusion in this case."); *Bridgeport Music Inc. v. UMG Recordings, Inc.*, 2007 WL 4410405, at *3 (S.D.N.Y. Dec. 17, 2007) (allowing discovery of "similar" contracts to aid interpretation of contract at issue). AXIS's burden argument also fails, as Virtu asked for discovery within a narrow time period and for two specific coverages (Computer Systems Fraud and Social Engineering Fraud).

Because AXIS has refused to conduct a search on its own documents, Virtu is simultaneously pursuing third-party discovery from its insurance broker on this topic. However, as the party to this litigation and the party with firsthand knowledge of its policy forms, AXIS has an obligation to produce these documents first and foremost.

**Documents and Communications Concerning the *Medidata* Decision.** Virtu's Request No. 12 asks for documents and communications relating to the Second Circuit's decision in *Medidata Solutions, Inc. v. Federal Insurance Company*, 729 Fed. App'x 117 (2d Cir. 2018). Ex. 1, Virtu Request No. 12. AXIS objected on the grounds of relevance, burden, and privilege.

Documents showing AXIS's internal communications relating to the *Medidata* decision are relevant to AXIS's intent at the time it denied Virtu's claim and Virtu's bad faith claim, which Judge Daniels allowed to proceed to discovery. ECF No. 67. In 2018, the Second Circuit's *Medidata* decision adopted a causation standard for New York policyholders seeking Computer Systems Fraud coverage that is directly at odds with the position taken by AXIS's claims handler who denied Virtu's claim. In fact, the only reason AXIS's claims handler provided for denying Virtu's claim for Computer Systems Fraud was that "[t]he unauthorized access into Virtu's computer system was not the direct cause of the loss. It appears that there were separate and intervening acts by employees of Virtu who issued the wire transfers because they believed the 'spoofed' email asking for the funds to be transferred to be true." Ex. 4. In other words, AXIS's claims handler either ignored or was unaware of the *Medidata* decision at the time he denied Virtu's claim, necessitating this lawsuit.

Given AXIS's claims handler's ignorance of the controlling law, Virtu is entitled to discovery on AXIS's interpretation of the *Medidata* decision and how it impacts the relevant coverages offered by AXIS, including documents showing whether AXIS trained its employees servicing New York policyholders on the *Medidata* decision. These documents are relevant both to AXIS's intent at the time it denied Virtu's claim – two years after the Second Circuit decided *Medidata* – as well as Virtu's bad faith claim.

August 12, 2021
Page 4

          Respectfully,

          /s/Adam S. Ziffer

          Adam S. Ziffer