

**DLA Piper LLP (US)**
1251 Avenue of the Americas
New York, New York 10020-1104
www.dlapiper.com

Joseph G. Finnerty III
joseph.finnerty@us.dlapiper.com
T   212-335-4800
M  347-601-8734

August 17, 2021

V͟ɪ͟ᴀ ECF

Honorable Katharine H. Parker
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street, Room 750
New York, New York 10007

> Re:   Virtu Financial, Inc. v. AXIS Insurance Company,
>           Case No. 1:20-cv-06293-GBD

Dear Magistrate Judge Parker:

We write on behalf of AXIS Insurance Company ("AXIS") in response to the letter-motion filed by Plaintiffs Virtu Financial, Inc. and Virtu Americas, LLC (collectively "Virtu"), seeking to compel the production of several categories of extrinsic evidence concerning the meaning of concededly unambiguous policy language.

As we explain below, none of the requested categories of documents are discoverable because Virtu does not assert that any provision in the Policy is ambiguous, the Court earlier concluded that the relevant terms are unambiguous, and extrinsic evidence therefore is not relevant to the meaning of the Policy.  The burden and expense of discovery into these matters also far outweighs any importance to the core question presented in this dispute – whether the claim is covered.  Virtu's subpoena to its insurance broker, Marsh (Ex. A) seeks the same non-discoverable and irrelevant information and, for the same reasons, it should be quashed.

Virtu, as the proponent of the discovery requests at issue, "bears the initial burden" of showing that "the information sought is relevant and proportional to the needs of the case." Kleeberg v. Eber, 2019 WL 2051811, at *2 (S.D.N.Y. May 9, 2019).  Virtu argues that information sought in discovery need not be admissible at trial, but Virtu fails to meet its burden to establish that the discovery it seeks satisfies the threshold requirements of relevance and proportionality. Malinowski v. Wall St. Source, Inc., 2011 WL 1226283, at *1 (S.D.N.Y. Mar. 18, 2011) (cited by Virtu).  These same requirements (and shortcomings by Virtu) apply to the Marsh subpoena.  City of Almaty, Kazahkstan v. Ablyazov, 2018 WL 11270080, at *1 (S.D.N.Y. July 23, 2018).

Discovery has "ultimate and necessary boundaries" and it is "proper to deny discovery" into matters that are not "otherwise relevant to issues in the case."  Oppenheimer Fund, Inc. v. Sanders,



Honorable Katharine H. Parker
August 17, 2021
Page 2

437 U.S. 340, 351-52 (1978).  Information is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."  Vaigasi v. Solow Mgmt. Corp., 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016).

Here, Virtu seeks discovery of documents relating to (1) the underwriting of the Policy, (2) changes to various language in other AXIS policies issued to other insureds only after Virtu submitted its claim, and (3) internal AXIS documents concerning the decision in Medidata Solutions, Inc. v. Federal Ins. Co., 779 Fed. App'x 117 (2d Cir. 2018) – a case that did not address an AXIS policy or AXIS policy language, nor did it address any social engineering provision.  (ECF 84 at 1.)  Virtu contends without explanation that all of these categories of documents are relevant in unexplained ways to the meaning of unspecified provisions in the Policy.[1]

"Where the terms of a contract are clear and unambiguous," the determination of coverage and "the intent of the parties must be found within the four corners of the contract, giving a practical interpretation to the language employed and reading the contract as a whole."  Ellington v. EMI Music, Inc., 24 N.Y.3d 239, 244 (2014).  A party cannot introduce extrinsic evidence in order to attempt to "create an ambiguity" in an agreement that is "clear and unambiguous upon its face."  W.W.W. Associates, Inc. v. Giancontieri, 77 N.Y.2d 157, 163 (1990).  Accordingly, extrinsic evidence may be relevant only if a relevant provision in a contract is first found to be ambiguous.  Id.

Virtu has never identified any provision of the Policy that it argues even might be ambiguous.  In fact, directly to the contrary, Virtu recognized that there is no ambiguity at all in the relevant terms of the Policy when it filed a summary judgment motion at the outset of the litigation seeking a determination that the claim is covered.  (ECF 21.)  Judge Daniels also acknowledged at the hearing on Virtu's motion that "[t]here doesn't seem to be any real dispute as to . . . what the policy, the language of the policy requires. . . . I don't think there's a whole lot of ambiguity about the language of the policy."  (ECF 71, at 8:25-9:6.)  Virtu offered no dissent to this well understood point.  Indeed, Virtu has confirmed in its present motion that it will "continue to argue that [the Policy] unambiguously supports coverage" and asserts only that extrinsic evidence possibly may be relevant if Virtu later decides to "argue in the alternative that the policy ambiguities and parol evidence further support coverage."  (ECF 84, at 2.)  This record thus fails quite directly to satisfy Virtu's burden to show that the requested discovery is relevant.

As well, Virtu's requests for internal documents and communications at AXIS that were never shared with Virtu lack relevance in this contract dispute for the additional reason that the "unexpressed subjective intent of one party is not binding on the other" and accordingly "irrelevant to contract interpretation."  Tom Doherty Assocs. Inc. v. Saban Ent. Inc., 869 F. Supp. 1130, 1137, 1139 (S.D.N.Y. 1994); Porter v. Com. Cas. Ins. Co., 292 N.Y. 176, 183-84 (1944) ("secret intent" is irrelevant and "only overt acts" are relevant to "mutual assent").

---

[1] (See ECF 84, at 2 ("Virtu is entitled to explore which risks AXIS expected to cover when it sold the Policy to Virtu"); id. at 3 ("changes an insurer makes to its policy forms shed light on the meaning of contested policy provisions"); id. ("AXIS's internal communications relating to the Medidata decision are relevant to AXIS's intent at the time it denied Virtu's claim").)



Honorable Katharine H. Parker
August 17, 2021
Page 3

Absent any suggestion that any particular provision in the Policy is ambiguous, discovery into underwriting files, changes to policy language, or the effect of case law on a policy is not relevant or discoverable.  E.g., Admiral Ins. Co. v. Versailles Med. Spa, LLC, 2021 WL 106273, at *3 (D. Conn. Jan. 12, 2021) (to obtain underwriting files an litigant must "allege[] ambiguity in the [insurer's] policy language"); Mississippi Silicon Holdings, LLC v. AXIS Ins. Co., 2019 WL 5685087 (N.D. Miss. Nov. 1, 2019) (denying motion to compel document related to changes to policy absent showing of ambiguity); Westfield Ins. Co. v. Icon Legacy Custom Modular Homes, 321 F.R.D. 107, 117 (M.D. Pa. 2017) (denying motion to compel underwriting files because insured failed to "point to specific language in the agreement itself that is genuinely ambiguous or that extrinsic evidence is likely to render genuinely ambiguous"); Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Donaldson Co., Inc., 2013 WL 1881049, at *3 (D. Minn. May 6, 2013) ("Because Donaldson has failed to point to any ambiguities in the insurance policies relevant to the Court's decision on this motion, the Court finds no justification for ordering discovery of the underwriting").[2]

Finally, the discovery sought by Virtu is not proportional to "the issues at stake" or "the importance of the discovery in resolving the issues," and "the burden [and] expense of the proposed discovery outweighs its likely benefit."  Kleeberg, at *2.  Given Virtu's failure to show that extrinsic evidence has any relevance at all in this case, Virtu does not even attempt to show that the discovery is proportional to the needs of the case.  AXIS expects that it will require considerable time and expense to identify documents unrelated to the Policy issued to Virtu that are responsive to Virtu's requests for internal communications about Medidata and changes to policy language issued to other insureds across other AXIS policies.  Virtu also suggests without explanation that the documents at issue are necessary to show bad faith.  Judge Daniels determined to allow Virtu's bad faith claim to remain in the case for now but explained that it was "clearly unlikely that there is any factual scenario that would support" the non-contract claims and had "serious doubts" that those claims would ultimately survive.  (ECF 71, at 57:6-16.)

Discovery into underwriting files about an unambiguous policy, changes in other policy form language issued to other insureds, and information about a different court decision addressing a different policy issued to a different company asserting a different claim has no demonstrated importance to Virtu's claims, and the burden and expense of attempting to comply with Virtu's overbroad requests outweighs any conceivable benefit.  See Kleeberg, 2019 WL 2051811, at *2.

---

[2] Virtu's cases all involve circumstances, unlike here, raising a threshold question of ambiguity.  See Certain Underwriters at Lloyd's v. Nat'l R.R. Passenger Corp., 2016 WL 2858815, at *10 (E.D.N.Y. May 16, 2016)  ("District Court ha[d] not yet addressed the ambiguity of any policy term."); Pentair Water Treatment (OH) Co. v. Cont'l Ins. Co., 2009 WL 3817600, at *4 (S.D.N.Y. Nov. 16, 2009) ("In order to interpret the Policy, Pentair is entitled to explore what risks Continental expected to cover when it used terms similar to those in the Policy."); Mariner's Cove Site B Assocs. v. Travelers Indem. Co., 2005 WL 1075400, at *1 (S.D.N.Y. May 2, 2005) ("[E]vidence of intent is relevant until there has been a finding that the policy is subject to only one interpretation.").  In Harleysville Worcester Ins. Co. v. Sharma, the insurer "consent[ed]" to providing underwriting files and the decision concerns the application of privilege.  2015 WL 3407209, at *1 (E.D.N.Y. May 26, 2015).  In First Aviation Servs., Inc. v. Gulf Ins. Co., the court addresses only whether documents were "privileged" or "exist[ed]."  205 F.R.D. 65, 68 (D. Conn. 2001).



Honorable Katharine H. Parker
August 17, 2021
Page 4

      For the foregoing reasons, Virtu's motion to compel should be denied and Virtu's subpoena on Marsh should be quashed.

                              Respectfully submitted,

                              Joseph G. Finnerty III

cc:    Adam S. Ziffer
       Cindy M. Jordano
       Megan Shea Harwick
       Eric S. Connuck