**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

VIRTU FINANCIAL INC. and VIRTU AMERICAS LLC,

                              Plaintiffs,

          -against-

AXIS INSURANCE COMPANY,

                             Defendant.

------------------------------------------------------------------X

**20-CV-6293 (GBD) (KHP)**

**ORDER ON MARSH SUBPOENA**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/20/2021

**KATHARINE H. PARKER, United States Magistrate Judge**

      On August 12, 2021, Plaintiffs Virtu Financial Inc. and Virtu Americas LLC (collectively, "Virtu") filed a letter motion to compel Defendant AXIS Insurance Company ("AXIS") to produce certain discovery. This Court granted that motion in part and denied it in part. (ECF No. 87.) The Court assumes familiarity with its ruling at ECF No. 87.

      In its opposition to the motion to compel, AXIS put forth an additional request for this Court to quash a subpoena that Virtu served on its insurance broker, Marsh & McLennan Companies ("Marsh").

      The subpoena seeks:

(1) A copy of AXIS's Computer Systems Fraud and Social Engineering Fraud policy forms or forms that provide similar coverage for policies issued after June 1, 2020;

(2) Documents sufficient to show any and all changes made to AXIS's Computer Systems Fraud and/or Social Engineering Fraud policy forms or forms that provide similar coverage since June 1, 2020;

(3) Documents sufficient to show changes or proposed changes to AXIS's Computer Systems Fraud and/or Social Engineering Fraud policy forms or forms that provide similar coverage, made in response to Virtu's June 1, 2020 claim for Computer Systems Fraud coverage;

(4) Marsh's Underwriting File for the Virtu Policy; and

(5) Marsh's claims file for Virtu's Coverage Claim, including but not limited to any correspondence with AXIS regarding Virtu's claim.

(ECF No. 85, Ex. A.)

The Court did not address the request because it was not brought as a formal motion. Further, AXIS, who was not a recipient of the subpoena, lacks standing to move to quash it absent a claim of privilege or other substantial privacy right. *Nova Prods., Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004); *Samad Bros., Inc. v. Bokara Rug Co.*, No. 09-cv-5843 (JFK) (KNF), 2010 WL 5094344, at *2 (S.D.N.Y. Nov. 30, 2010); *see also Estate of Ungar v. Palestinian Auth.*, 400 F. Supp. 2d 541, 554 (S.D.N.Y. 2005) (quoting *Langford v. Chrysler Motors Co.*, 513 F.2d 1121, 1126 (2d Cir. 1975) ("[i]n the absence of a claim of privilege, a party usually does not have standing to object to a subpoena directed to a non-party witness")).

Nevertheless, at a subsequent discovery conference, AXIS raised its concerns about the subpoena again, claiming that Virtu should not be permitted to seek from Marsh information that this Court found to be irrelevant to the claims and defenses in this case and non-

discoverable from AXIS. In this regard, the Court notes that the relevance standards set out in Federal Rule of Civil Procedure 26(b)(1) apply to discovery sought from non-parties with equal force. *Citizens Union of City of N.Y. v. Attorney General of N.Y.*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017). Thus, Virtu may not obtain documents, communications, or other discovery from Marsh that this Court has already deemed irrelevant to Virtu's claims. Virtu may not circumvent this Court's prior ruling on its motion to compel by demanding those same irrelevant documents from a third party.

Virtu indicated at the conference that AXIS was reading its subpoena too broadly and that it was seeking information solely pertaining to the underwriting decision as to the Virtu policy at issue in the case. Without addressing any of the specific subpoena requests, this Order clarifies that production of documents pursuant to the subpoena should be consistent with this Court's prior Order as to information that is relevant to the claims and defenses in this action.

Finally, to the extent that any of the information produced by Marsh is proprietary to AXIS, it shall be subject to the provisions of the Protective Order at ECF No. 78.

**SO ORDERED.**

DATED:   New York, New York
         September 20, 2021

_____
KATHARINE H. PARKER
United States Magistrate Judge